UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>          Plaintiff,<br><br>     v.<br><br>PETER OSVALDIK and T-MOBILE CORPORATION,<br><br>          Defendants. | Case No.  1:23-cv-01488-HBK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>JANUARY 15, 2024 DEADLINE |

Plaintiff Reginald Smith ("Plaintiff"), who is proceeding pro se and *in forma pauperis*, initiated this civil action on October 18, 2023, by filing a form "Complaint for Civil Cause." (Doc. Nos. 1, 5). Plaintiff's Complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     Screening Requirement and Standard**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

1

prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names two defendants: (1) Peter Osvaldik, Chief Financial Officer; and (2) T-Mobile Corporation. Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "federal question" and "diversity" jurisdiction. (*Id*. at 3). Plaintiff identifies "Breach of Contract" on the Complaint's caption and identifies himself as domiciled in California and both Defendants as domiciled in Washington. Plaintiff then lists the following federal statutes and

2

constitutional provisions as providing a federal question basis for jurisdiction: "Article 6 Supremacy Clause," "41 U.S 6503," "18 US 1348," "Federal Reserve Act," and "Bills of Exchange Act." (Doc. No. 1 at 4). Due to their brevity, the Court recites Plaintiff's averments in full as to each claim alleged.

> Claim 1
> On June 18 I entered consumer credit transaction I was in autopay had to wait 90 days to get out autopay to endorse my bill like the bills of exchange act prescribes so they received unearned interest the first 3 months of payment I paid from autopay. I start endorsing my bill I sent tender of payment instructions claiming my title, rights, and interest and to transfer the principal balance to the principal account for setoff each and every month by submitting my application my (security collateral) extended my credit to the T-Mobile corporation they take my application securitize it and return interest to me every month in form of a bill that I'm suppose to accept endorse which I did. I sent my endorse bill three times to the chief financial officer and payment process center with instructions giving five days to respond never responded Breaching Contract.

(*Id*. at 6) (unedited text).

> Claim 2
> Security fraud takes place when I submitted my Application for Consumer Credit Transaction on June 18 Extending my Security Collateral for prepayment and I did my performance endorse my bill Claiming my, title rights, and interest, and those credits have not been applied to my account nor have they returned my endorse bills this is illegal and unethical carried out by accepting my application security collateral in order to profit at the expense of me.

(*Id.* at 7) (unedited text).

As relief, Plaintiff asks the Court to "order the Defendants to process my Bills of exchange and setoff the balance each and ever [sic] month as long as I do my performance and award me 4,000,000 for violating the federal reserve act by taking my security collateral and not letting me transfer my interest." (*Id*. at 8).

**III.   Discussion**

Despite liberally construing the Complaint, the Court is unable to identify any potential claim. The Complaint is cryptic with references to various federal statutes and/or provisions. Consequently, the Court finds Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. Because Plaintiff is proceeding pro se, the Court will address the various basis presumably upon which Plaintiff brings suit and provide him with an opportunity to amend his complaint to the extent he

can do so in good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's Complaint is not a plain statement of his claims. While short, Plaintiff's Complaint does not clearly state what happened. To the extent discernable, Plaintiff applied for consumer credit financing. However, Plaintiff does not provide any details about the nature of that transaction. Without basic information concerning what happened, the Court cannot determine if a cognizable claim for relief is stated. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Supremacy Clause

Article VI, Clause 2 of the U.S. Constitution ("The Supremacy Clause") states as follows:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. CONST. ART. VI, CL. 2. Plaintiff's Complaint lists the Supremacy Clause as one of the federal provisions at issue in this case but alleges no facts involving a conflict between any federal and state law. Accordingly, despite liberally construing the Complaint, the Court finds the Supremacy Clause inapplicable to any claim.

### C. Breach of Contract

In California, "[t]o be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *First Am. Com. Bancorp, Inc. v. Vantari Genetics, LLC*, 2020 WL 5027990, at *3 (C.D. Cal. Mar. 12, 2020) (quoting *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998)).  Although Plaintiff alleges Defendants are liable for breach of contract, the Complaint does not adequately identify the relevant contract, nor does it allege any facts as to Plaintiff's performance or excuse for non-performance, the terms of the contract that were allegedly breached, or any specific facts showing how the alleged contract was breached.  Plaintiff will be granted leave to amend this claim to the extent he is able to do so in good faith.

### D. Securities Fraud

Plaintiff also claims Defendants are liable for securities fraud.  (Doc. No. 1 at 7).  To state a claim for a private securities fraud action, a litigant must show: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted).  Plaintiff's Complaint alleges none of the elements of a securities fraud claim.  Plaintiff will be granted leave to amend this claim to the extent he is able to do so in good faith.

### E. 41 U.S.C. § 6503

Plaintiff's also lists 41 U.S.C. §6503 as a predicate for a claim.  (Doc. 1 at p. 4.)  This section applies when there is a breach or violation of a representation or stipulation included in a contract under 41 U.S.C. § 6502.  *See* 41 U.S.C. § 6503(a).  Section 6502 applies to contracts that are entered into by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000.  *See* 41 U.S.C. § 6502.  Plaintiff's Complaint includes no allegations concerning a public contract made by an agency of the United States.  Section 6503 therefore appears inapplicable to any of Plaintiff's claims.

### F. Title 18 of the United States Code

Plaintiff also alleges Defendants violated 18 U.S.C. §1348. (Doc. 1 at p. 4.) "Civil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997). Section 1348 provides for fines or incarceration for criminal offenses. There is no language in §1348 that provides for a private right of action. Thus, Plaintiff cannot sue the Defendants for any alleged violation of 18 U.S.C. §1348.

### G. Federal Reserve Act

Plaintiff's alleges Defendants violated the Federal Reserve Act ("FRA") and claims an entitlement to $4,000,000 in civil penalties under "section 29" because Defendants committed a violation in the "third tier." (Doc. No. 1 at 5). Liberally construed, the Complaint alleges Plaintiff is entitled to civil penalties under Section 29 of the FRA (12 U.S.C. § 504), which provides for daily penalties of $5,000 for the violation of certain provisions of the FRA. However, the Complaint does not specify any provision of the Federal Reserve Act that defendants allegedly violated. Nor does the cited provision imply any private cause of action. "Section 29 of the Federal Reserve Act . . . imposes penalties on banks for an array of misconduct[,] [b]ut the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act." *Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) (citing *Benz-Puente v. Truist Fin.*, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023)); *Lillacalenia v. Kit Fed. Credit Union*, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) ("Moreover, [plaintiff] fails to show that he, as an individual, may maintain an action under either of these civil penalty provisions as any penalty imposed under §§ 504 and 505 shall be assessed and collected by either the Comptroller of the Currency or the Board, ... and all penalties collected 'shall be deposited into the Treasury.'"). Accordingly, the Complaint fails to state a claim under the FRA.

### H. Bills of Exchange Act

Plaintiff's Complaint also identifies the Bills of Exchange Act, 12 U.S.C. § 361 as a

6

possible claim. (Doc. No. 1 at 4.) The identified section of the Act states:

> The discount and rediscount and the purchase and sale by any Federal reserve bank of any bills receivable and of domestic and foreign bills of exchange, and of acceptances authorized by this chapter, shall be subject to such restrictions, limitations, and regulations as may be imposed by the Board of Governors of the Federal Reserve System.

12 U.S.C. § 361. Other than identifying the Act, the Complaint provides no facts to support a any violation of this provision. Moreover, the identified provision does not support a private cause of action. Thus, the Court cannot infer any possible causes of action predicted upon the Act.

## IV.     Conclusion and Options

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. To continue the prosecution of this action, Plaintiff must take one of the following three options on or before January 15, 2024. **First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Second Option**: Plaintiff may file a Notice stating he intends to stand on his current Complaint subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order. **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the

district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1. **On or before January 15, 2024**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:    December 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE