UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>PETER OSVALDIK and T-MOBILE CORPORATION,<br><br>        Defendants. | Case No. 1:23-cv-01488-HBK<br><br>ORDER TO CLERK TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>FOURTEEN DAY DEADLINE |

        Plaintiff Reginald Smith is proceeding *pro* se and *in forma pauperis* on his First Amended Complaint. (Doc. Nos. 5, 7). On December 15, 2023, the Court screened Plaintiff's initial complaint and found it stated no cognizable claim, advised him of the pleading requirement and applicable law, and afforded him the opportunity to file an amended complaint. (Doc. No. 6). For the reasons set forth herein, the undersigned recommends the district court dismiss this case, without leave to further amend, because the First Amended Complaint fails to state a claim and any further amendments would be futile.

**APPLICABLE LAW**

        Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

1 on which relief can be granted, or seeks monetary relief against a defendant who is immune from
2 such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129
3 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A
4 complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can
5 prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v.*
6 *Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must
7 include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.
8 R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same
9 standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152
10 F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to
11 state a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
12 "A complaint is plausible on its face when it contains sufficient facts to support a reasonable
13 inference that the defendant is liable for the misconduct alleged."  *Id*.  At this stage, the court
14 accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738,
15 740 (1976).  The Court does not accept as true allegations that are merely conclusory,
16 unreasonable inferences, or unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d
17 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.
18      Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the
19 light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*
20 *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation
21 of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
22 of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*
23 *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to
24 advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role
25 as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d
26 at 1131 n.13.
27 ////
28 ////

2

## ALLEGATIONS IN OPERATIVE PLEADING

Plaintiff's First Amended Complaint identifies two defendants: (1) Peter Osvaldik, Chief Financial Officer; and (2) T-Mobile Corporation. (Doc. No. 7 at 2). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks both "federal question" and "diversity" jurisdiction. (*Id*. at 3). Under the Diversity of Citizenship section, Plaintiff identifies himself as a citizen of California, Defendant Osvaldik as a citizen of Washington, and Defendant T-Mobile as incorporated in Delaware with its primary place of business in Washington. (*Id*. at 4-5). Plaintiff does not state a dollar amount in controversy and instead asserts "under the federal reserve Act section 29 civil money penalty this violation is in the third tier. I sent three performance giving instruction for tender of payment." (*Id*. at 5). Plaintiff identifies the "Federal Reserve Act, Section 16, 1-2" and "Bill of Exchange Act" as the basis of federal question jurisdiction. (*Id*. at 4). Due to their respective brevity, the Court recites Plaintiff's averments in support of each of his claims in full, which he labels "Claim 1" and "Claim 2."

Claim 1

There was a breach of contract to me. On 7/11/2023 I entered into a Consumer credit transaction. I contracted with T-Mobile corporation with my Cesti Que[1] trust, my consumer taxpayer entity REGINALD DOMINICK SMITH. The principal REGINALD DOMINICK SMITH my birth certificate shows I am the title and owner which Smith Reginald D is the Agent for and being the owner of that contract I have Rights, Interest, equity that's guaranteed to the principal. The federal reserve act section 16-1 and 2 states any application that you put your legal person on there with your social security number for any amount will be granted America is operating under bankruptcy there no lawful money I sent my tender of payment 9/25/23 performing my obligation I sent a power of attorney letting the chief officer know I'm the agent for the principal REGINALD SMITH with my endorse bill gave instructions to transfer the principal balance to the principal account, if there a problem with this negotiable instrument or any defects reply within five business days I sent certified mail with tracking no response I sent another tender of payment opportunity to cure 10/5/23 giving instruction again if there any defect in my performance please reply no response gave five more business days no response then on 10/31/2023 I sent a Default Judgment notice for failure of non performance of obligation denying the guarantee interest due to the principal in the contract which I am the beneficial owner of the account. which was a breach of contract denying my title, interest and equity in the contact.

---

[1] The Court infers that Plaintiff mean "cestui" que trust. This French legal term refers to the beneficiary of the trust, i.e., the person entitled to an equitable, rather than legal, trust in the estate assets.

3

1  (*Id*. at 6) (unedited text).

2  Claim 2

3  Security fraud acquired when I entered into contract as the owner of the contract.  I did my performance on 09/25/2023, 10/5/2023, 10/31/2023 Claiming my interest that's guaranteed to the principal and was held out of my own account by the chief financial officer I received a response finally from them stating that they don't take that type of payment only us funds. When I clearly did my performance as the Agent for the Consumer REGINALD D SMITH which I hold the title of ownership the Birth Certificate with holding me out of the account.  This has effect my mental and cause stress receiving call asking for payment then suspended my account even tho I performed my obligations when I endorsed my bill and ever bill statement 9/25/2023, 10/5/2023, 10/31/2023 and sent certified mail to chief financial officer Peter osvaldik, withholding my securities never returning them or responding that their a defect in my endorsement.

10  (*Id.* at 7) (unedited text).

As relief, Plaintiff asks for unspecified damages and "title, interest, and equity that's in this account." (*Id*. at 8).

## ANALYSIS

As an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000.  The FAC does not provide a specific dollar amount that is in controversy but instead makes a passing reference to Section 29 of the Federal Reserve Act, 29 U.S.C. § 504.  Section 29 imposes penalties on banks for a range of misconduct.  Plaintiff, however, does not bring this action against a bank.  Furthermore, "the imposition of civil penalties under Section 29 is caried out by federal officials, and private individuals do not

have a private right of action to enforce Section 29 of the Federal Reserve Act." *Ha v. Provident Credit Union*, No. 23-CV-05472-SVK, 2023 WL 9595362, at *2 (N.D. Cal. Nov. 15, 2023) (citing *Murphy v. Capital One*, No. 4:23-CV-1120 HEA, 2023 WL 599340, at *3 (E.D. Mo. Sep. 12, 2023) (citing *Benz-Puente v. Truish Fin.*, No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023)). Thus, the FAC facially fails to meet the $75,000 threshold to establish jurisdiction under § 1332.

Turning to federal question jurisdiction, a federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff refers to the "Federal Reserve Act" and "Bill of Exchange Act," the FAC does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The FAC, like the initial complaint is cryptic and without coherent factual allegations. On that basis alone the FAC may be dismissed.

Moreover, numerous district court across the county have found that the Federal Reserve Act does not provide individuals with a private cause of action. *Brown v. Home State Bank*, No. 23-CV-1620-BHL, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023) (The Act is "entirely unrelated to consumer finance and does not provide any rights to a private citizen."); *Ritchie v. Chan*, No. 23-CV-1715-JO-BGS, 2024 WL 270108, at *2 (S.D. Cal. Jan. 23, 2024); *FeHa v. Provident Credit Union*, No. 23-CV-05472-SVK, 2023 WL 9595362, at *2 (N.D. Cal. Nov. 15, 2023); *Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023); *Michael Thomas v. BMO Harris Bank*, No. CV 23-00224-TFM-B, 2024 WL 477542, at *5 (S.D. Ala. Jan. 19, 2024), *report and recommendation adopted sub nom.*, 2024 WL 474839 (S.D. Ala. Feb. 7, 2024); *Lillacalenia v. Kit Fed. Credit Union*, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014). And Plaintiff's reliance on either Section 16 and Section 29[2] as a predicate for his claim is misplaced as both provisions govern banking activities and neither create a private cause of action.

---

[2] Section 16 enables Federal Reserve banks to provide collateral in exchange for Federal Reserve notes and Section 29 imposes penalties on banks for misconduct. 12 U.S.C. §§ 411-21 and 12 U.S.C. § 504.

Similarly, the Court cannot infer any cause of action stemming from Plaintiff's identification of the "Bill of Exchange Act."  The undersigned is unable to identify any federal act by this name.  Indeed, other federal district courts likewise have been unable to identify any federal statute when pro se litigants, who are attempting to avoid a debt, reference this Act.  *See Thomas v. BMO Harris Bank* 2024 WL 477542, at *6 (collecting cases).  To the extent Plaintiff refers to the "Bills of Exchange Act of 1882" such claims have been determined to be facially legally frivolous.  *See, e.g., Davis v. ACEF Martin Folsom LLC*, No. 2:23-cv-2816-TLN-KJN PS, 2023 WL 8477987, at *2 (E.D. Cal. Dec. 7, 2023) (determining citation to the "Bills of Exchange Act of 1882" appeared legally frivolous on its face in pro se complaint involving alleged contractual arrangement).

To the extent Plaintiff is referring to 12 U.S.C. § 361, this provision provides Plaintiff with no cause of action.  In pertinent part, it provides:

> The discount and rediscount and the purchase and sale by any Federal reserve bank of any bills receivable and of domestic and foreign bills of exchange, and of acceptances authorized by this chapter, shall be subject to such restrictions, limitations, and regulations as may be imposed by the Board of Governors of the Federal Reserve System.

12 U.S.C. § 361.  However, the FAC provides no facts to support any claim arising under this provision or private cause of action predicated upon the same.

Thus, because Plaintiff has no private cause of action under the Federal Reserve Act and the Court cannot locate a "Bill of Exchange Act," Plaintiff's claims premised on federal jurisdiction fail.  Further, the undersigned takes judicial notice that Plaintiff filed another action in this district court containing virtually the same allegations against a finance provider, which was dismissed for failing to state claim.  *Smith v. Crowl*, No. 1:23-CV-01474-JLT-BAM, 2024 WL 150251, at *3 (E.D. Cal. Jan. 12, 2024), *report and recommendation adopted sub nom.*, 2024 WL 531280 (E.D. Cal. Feb. 9, 2024).  Finally, although Plaintiff does not profess to be a sovereign citizen, his FAC contains phraseology consistent with sovereign citizen ideology.  The Ninth Circuit has rejected arguments premised on sovereign citizen ideology as "utterly meritless."  *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

////

Because the Court finds no federal question jurisdiction, to the extent that Plaintiff seeks to bring a claim for breach of contract under state law, he must pursue that claim in state court. 28 U.S.C. § 1367(c)(3).

## FINDINGS AND RECOMMENDATION

Plaintiff had an opportunity to cure the deficiencies in his initial complaint. In its prior screening order, the Court instructed Plaintiff in detail on the applicable law and pleading requirements. (*See* Doc No. 6). Despite affording Plaintiff an opportunity to correct the deficiencies in his original complaint, the FAC again fails to adequately state any plausible federal claim and largely repeats the same deficient claims alleged in the initial complaint. (*See* Doc Nos. 1, 7). Because there is no federal jurisdiction for Plaintiff's cryptic claims, the undersigned finds that any further amendment would be futile and recommends the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge.

It is further **RECOMMENDED:**

The district court dismiss the First Amended Complaint without further leave to amend.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A

party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     February 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE